IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLISLE TIRE & WHEEL COMPANY | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | 2:06CV427-B |
| vs. | § | CIVIL ACTION NO.____ |
| | § | |
| CARTER BROS. MFG. CO., INC. | § | JURY TRIAL DEMANDED |
| | § | |
| DEFENDANT. | § | |

## COMPLAINT

COMES NOW Plaintiff Carlisle Tire & Wheel Company ("CT&W") and brings this action against Defendant Carter Bros. Mfg. Co., Inc. ("Carter Bros."). In support of its claims, CT&W would show as follows:

1. CT&W, a wholly owned subsidiary of CT&W Companies Incorporated, is a corporation incorporated under the laws of the state of Delaware having its principal place of business in Aiken, South Carolina.

2. Carter Bros., on information and belief, is a corporation incorporated under the laws of the State of Alabama having its principal place of business in Pike County, Alabama.

3. On or about January 8, 2004, Carter Bros. confirmed in writing its commitment (the "Commitment") to use CT&W as a vendor, whereby CT&W was to produce and furnish unique specialty tires and wheels to Carter Bros. for the 2900 series, 1150 and 2150 karts. Such Commitment is attached hereto as Exhibit "A".

4. The Commitment was followed by a purchase order (the "Purchase Order") by Carter Bros. (PO 20368) dated May 12, 2004. The Purchase Order is attached hereto as Exhibit "B".

5. CT&W relied on this Commitment and Purchase Order (sometimes hereinafter collectively the "Contract") and produced and furnished or attempted to furnish the specialty tires and wheels requested by Carter Bros. in the Purchase Order.

6. On or about October 2005, CT&W attempted to ship the tires to Carter Bros., however CT&W was told by Andy McKeown, the Purchasing Manager for Carter Bros., not to ship the tires because Carter Bros. did not need the tires and did not want to pay for them.

7. To date, Carter Bros. has failed to pay for any of the specialty tires and wheels produced and furnished to it by CT&W.

8. Because of the special and unique nature of the tires and wheels produced for Carter Bros., CT&W has been and will remain unable to resell such tires and wheels to another purchaser.

## COUNT I
## BREACH OF CONTRACT

9. CT&W repeats and realleges the allegations in paragraphs 1 through 8 above as if set forth fully at this point in the Complaint.

10. In the Commitment, Carter Bros. agrees to enter into a three year commitment with CT&W for CT&W to produce and furnish specialty tires and wheels for the current 2900 series, 1150 and 2150 karts.

11. The Purchase Order confirms the Commitment wherein Carter Bros. orders such specialty tires and wheels for a total purchase price of $88,275.00.

12. CT&W produced the specialty tires for the 2900 series, 1150 and 2150 karts. To date Carter Bros. has refused to accept the specialty tires and wheels and has failed to pay for any of the tires produced.

13. Carter Bros. breached the Contract by failing to pay for the specialty tires it ordered from CT&W and which CT&W produced and furnished and/or attempted to furnish to Carter Bros..

14. CT&W has incurred damages, costs, expenses, lost profits, and attorneys' fees as a proximate consequence of Carter Brother's breach of the Contract.

WHEREFORE, PREMISES CONSIDERED, CT&W demands judgment against Carter Bros. in the amount of $88,275.00 and for such other damages as may be awarded by the trier of fact, together with interest and costs, attorneys' fees, and such further and additional relief as this Court deems just and appropriate.

## COUNT II
## UNJUST ENRICHMENT

15. CT&W repeats and realleges the allegations in paragraphs 1 through 14 above as if set forth fully at this point in the Complaint.

16. On or about May 12, 2004, Carter Bros. entered into a Contract with CT&W for CT&W to produce and furnish certain specialty tires and wheels for Carter Bros., Carter Bros. agreed to pay for same, and CT&W began production of the specialty tires and wheels.

17. On or about October 2005, CT&W attempted to ship the specialty tires and wheels to Carter Bros., however CT&W was told by Andy McKeown, the Purchasing Manager for Carter Bros., not to ship the tires and wheels because Carter Bros. did not need the tires and wheels and did not want to pay for them.

18. To date, Carter Bros. has failed or refused to pay for any of the specialty tires and wheels produced for it by CT&W.

19. Receiving such goods and services and failing to pay for such goods has unjustly enriched Carter Bros..

20. Plaintiff claims the sum of $88,275 due and owing for said tires and wheels.

WHEREFORE, CT&W demands judgment against Carter Bros. in the amount of $88,275 and for such other damages as may be awarded by the trier of fact, together with interest and costs, attorneys' fees, and such further and additional relief as this Court deems just and appropriate.

## COUNT III
## ACCOUNT STATED

21.   CT&W repeats and realleges the allegations in paragraphs 1 through 20 above as if set forth fully at this point in the Complaint.

22.   On or about May 12, 2004, Carter Bros. entered into a Contract with CT&W for CT&W to produce and furnish certain tires and wheels for Carter Bros., Carter Bros. agreed to pay for same, and CT&W began production of the tires and wheels.

23.   On or about October 2005, CT&W attempted to ship the specialty tires and wheels to Carter Bros., however CT&W was told by Andy McKeown, the Purchasing Manager for Carter Bros., not to ship the tires and wheels because Carter Bros. did not need the tires and wheels and did not want to pay for them.

24.   Carter Bros. owes CT&W $88,275, together with interest and costs due on the account stated for said goods.

   WHEREFORE, Plaintiff demands judgment against Defendants in the sum of $88,275, and for such damages as may be awarded by the trier of fact, together with interest and costs, attorneys' fees, and such further and additional relief as this Court deems just and appropriate.

## COUNT IV
## OPEN ACCOUNT

25.   CT&W repeats and realleges the allegations in paragraphs 1 through 24 above as if set forth fully at this point in the Complaint.

26.   On or about May 12, 2004, Carter Bros. entered into a Contract with CT&W for CT&W to produce and furnish certain specialty tires and wheels for Carter Bros., Carter Bros. agreed to pay for same, and CT&W began production of the tires and wheels.

27.   On or about October 2005, CT&W attempted to ship the specialty tires and wheels to Carter Bros., however CT&W was told by Andy McKeown, the Purchasing Manager for Carter Bros., not to ship the tires and

wheels because Carter Bros. did not need the tires and wheels and did not want to pay for them.

28.  Carter Bros. owes CT&W $88,275, together with interest and costs due on the open account for said tires and wheels.

WHEREFORE, Plaintiff demands judgment against Defendants in the sum of $88,275, and for such damages as may be awarded by the trier of fact, together with interest and costs, attorneys' fees, and such further and additional relief as this Court deems just and appropriate.

## COUNT V
## MISREPRESENTATION

29.  CT&W repeats and realleges the allegations in paragraphs 1 through 28 above as if set forth fully at this point in the Complaint.

30.  On or about May 12, 2004, Carter Bros. entered into a Contract with CT&W for CT&W to produce and furnish certain specialty tires and wheels for Carter Bros., Carter Bros. agreed to pay for same, and CT&W began production of the tires and wheels.

31.  On or about October 2005, CT&W attempted to ship the tires and wheels to Carter Bros., however CT&W was told by Andy McKeown, the Purchasing Manager for Carter Bros., not to ship the tires and wheels because Carter Bros. did not need the tires and wheels and did not want to pay for them.

32.  The representations made by Carter Bros. when entering into the Contract regarding its intent to pay CT&W for the specialty tires and wheels were false and fraudulent, were made recklessly without knowledge, and were made with the intent that CT&W rely on same and CT&W did rely on same to its detriment.

33.  As a proximate and direct result of Carter Bros.' misrepresentations of its intent to pay CT&W for the specialty tires and wheels produced, CT&W was caused to suffer various damages, including, but not limited to:

  a) Cost of production for specialty goods; and

b) Inability to resell such goods because of their specialized and unique nature.

WHEREFORE, PREMISES CONSIDERED, CT&W demands judgment against Carter Bros. in the amount of $88,275 and for such other damages as may be awarded by the trier of fact, together with interest and costs, attorneys' fees, and such further and additional relief as this Court deems just and appropriate.

_____
David E. Rains        ASB-2728-S81D
Attorney for Plaintiff
Carlisle Tire & Wheel Company

OF COUNSEL:
TANNER & GUIN, L.L.C.
Attorneys at Law
Capitol Park Center
2711 University Boulevard (35401-1465)
P. O. Box 3206
Tuscaloosa, Alabama  35403-3206
Telephone (205) 633-0200
Facsimile (205) 633-0290

**SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Mr. Stuart Arn
Carter Bros. Mfg. Co., Inc.
1871 Highway 231 South
Brundidge, Alabama 36010

229757.1/AME.der